934 F.2d 320
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald YELVERTON, Defendant-Appellant.
 No. 90-5350.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 19, 1990.
Decided May 29, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-90-5)
 Reginald Yelverton, appellant pro se.
 Christopher John Kelly, Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Reginald Yelverton appeals his April 1990 conviction for attempted escape from the Lorton Reformatory. Yelverton's sole argument is that the evidence was insufficient to support his conviction. Because Yelverton's appeal lacks merit, we affirm.
 
 
 2
 * At trial, correctional officer Robert Sands testified that on the morning of the attempted escape, he heard two inmates on the roof of cellblock 6. Sands ordered the inmates, whom he was unable to identify, to get down from the roof. However, after the inmates fled out of sight, Sands called for assistance.
 
 
 3
 Upon hearing that two inmates were on the cellblock's roof, Sergeant George Carpenter rushed to the entrance to the cellblock-the only possible exit for anyone on the roof--and waited. Moments later, Yelverton jumped from the roof. Carpenter, who was only a few feet away, immediately recognized Yelverton and called out to him before Yelverton fled into the cellblock. Moments later, a second inmate, Raymond Taylor, jumped from the roof and ran into the cellblock.
 
 
 4
 When Carpenter entered the cellblock, he saw Yelverton and Taylor. Yelverton denied that anything was wrong after Carpenter questioned him. However, a search of Yelverton's and Taylor's cells revealed that in each inmate's bed were dummies of the type often used in escape attempts. Also, during a search of the grounds adjacent to the cellblock a rope fashioned of bedsheets was discovered.
 
 II
 
 5
 The elements of attempt are (a) culpable intent and (b) a substantial step toward the commission of the crime that is strongly corroborative of that intent. United States v. Pelton, 835 F.2d 1067 (4th Cir.1987), cert. denied, 486 U.S. 1010 (1988).
 
 
 6
 When reviewing the sufficiency of the evidence to support a jury's guilty verdict, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). The government is entitled to the benefit of all reasonable inferences from the facts proven to those it seeks to establish. Tresvant, 677 F.2d at 1021.
 
 
 7
 There is ample evidence to support Yelverton's conviction. Sands' discovery of two inmates on the roof, Carpenter's sighting of Yelverton and Taylor leaving the roof moments after Sands reported inmates there, the decisions made by Yelverton and Taylor to flee after Carpenter recognized them, the presence of dummies of the type often used in escape attempts in both Yelverton's and Taylor's cells, and the discovery of a rope fashioned of bedsheets in the yard adjacent to the cellblock, when viewed in the light most favorable to the prosecution, support the jury's conclusion that Yelverton both intended to escape and took a substantial step toward committing the crime of escape. Therefore, Yelverton's conviction is affirmed.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in this record and oral argument would not aid the decisional process.
 
 
 9
 AFFIRMED.